KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Richard M. Cieri (RC 6062)
Jonathan S. Henes (JH 1979)

200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200
David J. Zott, P.C. (DZ 1083)
Thomas L. Campbell (TC 5588)
Jeffrey J. Zeiger (JZ 3097)

*Attorneys for Appellee Solutia Inc.*

AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Daniel H. Golden (DG-5624)
Ira S. Dizengoff (ID-9980)

2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  (310) 229-1000
Facsimile:  (310) 229-1001
Edward P. Lazarus (*pro hac vice* pending)
L. Rachel Helyar (*pro hac vice* pending)

*Attorneys for Appellee, the Official Committee of Unsecured Creditors of Solutia Inc.,* et al.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SOLUTIA INC., *ET AL.*,

          Debtor,

WILMINGTON TRUST COMPANY,
AS INDENTURE TRUSTEE, AND *AD HOC*
COMMITTEE OF SOLUTIA NOTEHOLDERS,

          Plaintiff-Appellants,

      -against-

SOLUTIA INC.,

          Defendant-Appellee.

Dist. Ct. Case Nos. 07 CV 5997/5998
(GBD)

**JOINT RESPONSE OF SOLUTIA INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPELLANTS' MOTION TO MODIFY BRIEFING SCHEDULE**

Appellees Solutia Inc. ("Solutia") and the Official Committee of Unsecured Creditors ("Unsecured Creditors' Committee"), by and through their undersigned counsel, respectfully request that the Court deny appellants' Motion to Modify the Briefing Schedule, or, in the alternative, modify the schedule to allow appellees a minimum of sixty days to file their responding briefs. This is substantially less time than appellants have had to prepare their lengthy opening briefs.

Although presented as a mere scheduling request, appellants' motion demands that this Court radically alter the schedule it set in June and shorten by months the time for appellees to respond to appellants' simultaneously-filed opening briefs. Appellants provide no explanation why they waited until now to formally request an expedited schedule or why they have not sought a stay in the bankruptcy court to address their concerns regarding equitable mootness. Appellants imply that events have suddenly arisen requiring this Court and appellees to alter their schedules at a moment's notice. But appellants have known for months about the Debtor's plan of reorganization and the effect it might have on their appeal. Instead of formally moving to expedite their appeal in June when the Court issued its briefing schedule, or seeking a stay from the bankruptcy court at the outset to protect their rights on appeal, appellants waited until August 8th to file the instant motion along with two fifty-page opening briefs, to which they demand a response by August 28th. For the reasons set forth below, the motion should be denied.

## PROCEDURAL HISTORY

On May 17, 2007, following a fourteen day trial that took place over the course of three months, the bankruptcy court entered a judgment in favor of Solutia. Appellants waited until May 29, 2007, to notice their appeals from the bankruptcy court's order.[1]

On June 26, 2007, this Court signed a Scheduling Order making the appellants' merits briefs due by September 19, 2007, the appellees' responsive briefs due by December 5, 2007, and appellants' reply briefs due by March 8, 2008. *See* Scheduling Order, No. 07-CV-5997, Dkt. No. 5.[2]

On August 8, 2007, appellants each filed a merits brief and a Motion to Modify the Briefing Schedule that would make appellees' briefs due on August 28th instead of December 5th, as set forth in this Court's June 26th Schedule.

## LEGAL DISCUSSION

Appellants seek an expedited appeal on the grounds that confirmation of Solutia's plan of reorganization may render their appeal "equitably moot." "Equitable mootness" is a "prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented." *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 144 (2d Cir. 2005). Appellants provide no explanation as to why they did not follow the

---

[1]   Appellant Wilmington Trust and appellant *Ad Hoc* Committee of Solutia Noteholders each filed a notice of appeal from the bankruptcy court's May 17th order. Two appeals were docketed, both of which are now pending in this Court. (Civil Case Nos. 07-CV-05997 and 07-CV-05998.) Appellants have informed appellees that they will formally move to consolidate the two appeals. Appellees do not oppose consolidation.

[2]   On July 2nd and July 9th, appellants wrote letters to this Court and to Judge Preska, to whom one of the appeals was initially assigned, asking for an expedited briefing schedule and/or for an extension of time to file their opening brief under Judge Preska's schedule, from July 13th to July 20th. On July 10th, the appeal assigned to Judge Preska was assigned to this Court. No formal motion to expedite was filed by appellants until August 8, 2007.

usual course and seek a stay in the bankruptcy court under Bankruptcy Rule 8005 or even move to expedite the briefing schedule at the outset of these appellate proceedings or immediately after this Court entered its Scheduling Order.

As appellants are well-aware, the plan process has been underway for months.  On May 1, 2007, before judgment was entered, Judge Beatty observed in the Memorandum Opinion ruling in favor of Solutia that "[t]he resolution of this adversary proceeding affects the plan process." *In re Solutia, Inc.*, No. 05-01843, 2007 WL 1302609, at *1 (Bankr. S.D.N.Y. May 1, 2007).  And on May 16, 2007, Solutia filed its plan of reorganization.  Judge Beatty has moved forward with plan confirmation and has held four disclosure statement hearings since issuing the decision at issue in this appeal.  Appellants have participated in all of these hearings but have never sought (or even suggested they might seek) a stay of enforcement of the bankruptcy court's decision to protect their rights on appeal.

Appellants wishing to protect their appeal from potential dismissal on equitable mootness grounds should seek a stay from the bankruptcy court in the first instance.  *See* Fed. R. Bankr. P. 8005 (any request to stay enforcement of a judgment by a bankruptcy court judge should be made to the bankruptcy court in the first instance); *In re Metromedia Fiber Network, Inc.*, 416 F.3d at 144–45 (2d Cir. 2005); *Chateaugay Corp. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 949–50 (2d Cir. 1993).  Of course, obtaining a stay requires appellants to make a strong showing.  They must demonstrate:  (1) the risk of irreparable injury to applicant absent a stay; (2) the lack of substantial harm to the other party if a stay is granted; (3) the prospects for success on appeal; and (4) the public interests that may be affected by a stay.  *In re Adelphia Commc'ns. Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005); *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993).  They may also be required to post a supersedeas bond to

protect the interests of other parties and affected persons. *See, e.g., In re Adelphia Commc'ns. Corp.*, 367 B.R. 84, 98–99 (S.D.N.Y. 2007) (declaring that "[t]o permit a party to avoid mootness merely by pursuing a stay that they never intended to bond would be grossly inequitable . . ."). But the difficulty of obtaining stay relief does not excuse appellants from failing to seek one. *In re Chateaugay Corp.*, 988 F.2d 322, 326 (2d Cir. 1993) (holding that if the appellants do not avail themselves of the protection of a stay, they proceed at their "own risk").[3]

Instead of following the usual course to protect their interests on appeal, appellants have spent at least the last twelve weeks (since May 17th) preparing their opening briefs. Having elected to put their own rights at risk, appellants should not be heard to complain that their rights might be compromised by this Court's briefing schedule, which has been in place since June 26th. Nor can they, in fairness, insist that appellees, without prior notice, respond to their briefs in twenty days.

Appellees submit that appellants' motion should be denied. If, however, this Court determines that the appeal should be expedited, appellees request that the briefing schedule be modified to allow appellees a minimum of sixty days, until October 15, 2007, to file their responding briefs, for the following reasons:

- Appellants have submitted two briefs, each of which is nearly fifty pages long, and each of which takes a unique approach to the issues and arguments on appeal.

---

[3] Appellants have failed to seek a stay before the bankruptcy court because they cannot satisfy the requirements for a stay. For example, they have virtually no chance on appeal from the fact-based, carefully reasoned decision of the bankruptcy court. Nor is it likely that appellants would be willing to post the multi-hundred million dollar bond that would be required in this case. In other words, while the appeal may well become moot, that is a consequence of appellants' own actions.

- This is a very large record to be reviewed on appeal. The trial took fourteen days, and the reporter's transcript fills seventeen volumes (2269 pages). The parties have collectively designated over 350 documents out of the many hundreds that were filed in the bankruptcy court.

- Appellees Solutia and the Unsecured Creditors Committee, and their respective clients, will need time to review the drafts that each prepares in response to appellants' briefs.

- Appellees will reasonably require a minimum of sixty days from the date of this filing, until October 15, 2007, to respond to appellants' arguments in a way that is cogent and comprehensive. This is substantially less time than appellants have had to prepare their lengthy opening briefs.

## CONCLUSION

For the aforementioned reasons, this Court should exercise its discretion to stand by its original Scheduling Order and deny appellants' Motion to Modify the Briefing Schedule, or, in the alternative, to grant appellees sixty days, until October 15, 2007, to file their responding briefs.

Dated: August 15, 2007
Chicago, Illinois

/s/ Thomas L. Campbell


KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Telephone: (212) 446-4800
Richard M. Cieri (RC 6062)
Jonathan S. Henes (JH 1979)

KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200
David J. Zott, P.C. (DZ 1083)
Thomas L. Campbell (TC 5588)
Jeffrey J. Zeiger (JZ 3097)

*Attorneys for Appellee Solutia Inc.*


/s/ L. Rachel Helyar


AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden (DG-5624)
Ira S. Dizengoff (ID-9980)
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

Edward P. Lazarus (*pro hac vice* pending)
L. Rachel Helyar (*pro hac vice* pending)
2029 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 229-1000 (Telephone)
(310) 229-1001 (Facsimile)

*Attorneys for Appellee, the Official Committee of
Unsecured Creditors of Solutia Inc.,* et al.

7

## CERTIFICATE OF SERVICE

I, Thomas L. Campbell, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 746, that on this 15th day of August 2007, I caused a true and correct copy of the foregoing JOINT RESPONSE OF SOLUTIA INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPELLANTS' MOTION TO MODIFY THE BRIEFING SCHEDULE to be served, via overnight delivery, upon the following:

> Eric A. Schaffer
> James C. Martin
> Reed Smith LLP
> 435 Sixth Avenue
> Pittsburgh, Pennsylvania 15219-1866
>
> Andrew L. Morrison
> Reed Smith LLP
> 599 Lexington Avenue
> New York, New York 10022
> *Attorneys for Wilmington Trust Company, as Indenture Trustee*
>
> Bruce Bennett
> Bennett J. Murphy
> Joshua Morse
> Hennigan, Bennett & Dorman, L.L.P.
> 865 South Figueroa Street, Suite 2900
> Los Angeles, California 90017
> *Attorneys for the Ad Hoc Committee of Noteholders*
>
> Edward S. Weisfelner
> Brown Rudnick Berlack Israels LLP
> Seven Times Square
> New York, New York 10036
>
> Steven D. Pohl
> Brown Rudnick Berlack Israels LLP
> One Financial Center
> Boston, Massachusetts 02111
> *Attorneys for the Ad Hoc Committee of Trade Creditors*

/s/Thomas L. Campbell